UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Ramales Photography LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No: |
| v. | ) |
| | ) |
| St. Louis Post-Dispatch LLC, | ) |
| | ) DEMAND FOR JURY TRIAL |
| Defendant. | ) |

**COMPLAINT**

Plaintiff Ramales Photography LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant St. Louis Post-Dispatch LLC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Felipe Ramales ("*Ramales*") is a freelance photographer and photojournalist known for his work in New York City, particularly his celebrity and paparazzi photography.

3. Ramales created a photograph of American actress and businesswoman Gwyneth Paltrow (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

4. Upon information and belief, Defendant is a media company that publishes the St. Louis Post-Dispatch, a regional newspaper serving the St. Louis metropolitan area. The company is involved in publishing and broadcasting, and provides local, national, and international news through its daily print and digital publication, which includes bureaus in Washington, D.C., Jefferson City, and Springfield, IL.

5. As a key part of its business, Defendant owns and operates a website at domain

www.stltoday.com (the "*Website*").

6.     Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

7.     Plaintiff is a New York limited liability company and maintains its principal place of business in Bronx County, New York.

8.     Upon information and belief, Defendant is a Delaware limited liability company with a principal place of business at 901 North 10th Street, Saint Louis in Saint Louis City County, Missouri and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10.    This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Missouri.

11.    Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.     Plaintiff's Copyright Ownership**

12.    Plaintiff is a professional photography company which is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

13.    Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

14.    Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

15. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

16. On August 10, 2022, Ramales first published the Photograph. A copy of the Photograph is attached hereto as <u>Exhibit 1</u>.

17. In creating the Photograph, Ramales personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

18. On September 20, 2022, the Photograph was registered by the USCO under Registration No. VA 2-321-804.

19. Ramales created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

20. On October 17, 2022, Plaintiff acquired the rights in and to the Photograph from Ramales by way of written assignment.

**B.    Defendant's Infringing Activity**

21. Defendant is the registered owner of the Website and is responsible for its content.

22. Defendant is the operator of the Website and is responsible for its content.

23. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

24. The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

25. The Website is monetized in that it offers subscription services to the public and, upon information and belief, Defendant profits from these activities.

26. Upon information and belief, Defendant is a sophisticated media company which has advanced operational and strategic expertise in the media industry where copyright is prevalent.

27. Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that images used in their articles have been properly licensed.

28. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

29. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

30. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

31. On or about September 23, 2022, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Plaintiff's copyright protected Photograph on the Website as part of an on-line story at URL: https://www.stltoday.com/article_87fd945f-b08d-526c-9bd2-e98ce6ef18e9.html. A copy of a screengrab of the Website including the Photograph is attached hereto as Exhibit 2.

32. The Photograph was stored by Defendant on their server at URL: https://bloximages.newyork1.vip.townnews.com/stltoday.com/content/tncms/assets/v3/editorial/3/39/3397e9e4-4871-560f-8633-cc1366ec0fa0/6330dc76f04f9.image.jpg.

33. Plaintiff first observed and actually discovered the Infringement on August 22, 2023.

34. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter the unauthorized use set forth above is referred to as the "*Infringement*").

35. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

36. The Infringement is an exact copy of Plaintiff's original image that was directly

4

copied and displayed by Defendant on the Website.

37. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on, and/or displaying images including but not limited to Plaintiff's Photograph.

38. Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

39. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which forms the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

40. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

41. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

42. Upon information and belief, Defendant monitors the content on its Website.

43. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

44. Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its business revenues.

45. Upon information and belief, a large number of people have viewed the unlawful copy of the Photograph on the Website.

46. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

47. Defendant's use of the Photograph harmed the actual market for the Photograph.

48. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential

5

market for the Photograph.

49. On November 16, 2023, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

50. Thereafter, on August 11, 2025, Plaintiff, via counsel, served a follow up letter seeking to address said complaints directly with Defendant in attempt to avoid litigation.

51. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

52. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

53. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

54. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

55. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

56. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

57. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

58. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating

one of Plaintiff's exclusive rights in its copyrights.

59. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

60. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Website.

61. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

62. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

63. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of its copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

64. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

  b.  for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

  c.  for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

  d.  for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

  e.  for pre-judgment interest as permitted by law; and

  f.  for any other relief the Court deems just and proper.

DATED: October 29, 2025

            **SANDERS LAW GROUP**

            By:  */s/ Craig Sanders*
            Craig Sanders, Esq.
            333 Earle Ovington Blvd, Suite 402
            Uniondale, NY 11553
            Tel: (516) 203-7600
            Email: csanders@sanderslaw.group
            File No.: 129001
            *Attorneys for Plaintiff*